IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEMARBHAI CHAUDHARI,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; KIN MA, Field Office Director, Salt Lake City Field Office, U.S. Citizenship & Immigration Services,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00047-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Gemarbhai Chaudhari brought this action challenging the United States Citizenship and Immigration Services' (USCIS) denial of his application for permanent resident status.[1] Now before the court is the Defendants' Motion to Dismiss Chaudhari's Amended Petition (Motion).[2] For the reasons set forth below, the Motion is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

Chaudhari is a native and citizen of India who states that he last came to the United States on a B-2 visitor visa and never left.[3] In 2012, Chaudhari was working at a discount tobacco store in South Fulton, Tennessee when he was arrested for several controlled substances offenses under Tennessee law.[4] On June 28, 2013, he entered a "best interest" guilty plea to three counts

---

[1] *See* Dkt. 14, *First Amended Petition for Declaratory Judgment and Other Relief (Amended Petition)*.

[2] Dkt. 30.

[3] Dkt. 14 ¶¶ 11, 18–20.

[4] Dkt. 2-2, *Exhibit A to the Petition: September 18, 2020 USCIS Decision* at 1–2; Dkt. 2-3, *Exhibit B to the Petition: Letter from Assistant District Attorney Melinda Meador* at 2.

in violation of Tennessee Criminal Code § 39-17-452[5] and was sentenced to eleven months and twenty-nine days of unsupervised probation under Tennessee's judicial diversion program.[6] After Chaudhari completed the probationary period, his case was dismissed and an order of expungement was entered by the Obion County, Tennessee Circuit Court.[7] Chaudhari has since moved away from Tennessee and currently resides in Vernal, Utah.[8]

On or about April 15, 2015, Chaudhari's wife, a U.S. citizen, filed a Form I-130, Petition for Alien Relative, attempting to establish Chaudhari's eligibility for lawful permanent resident status as her spouse.[9] At the same time, Chaudhari filed a Form I-485, Application to Register Permanent Residence or Adjust Status (Application), commonly known as a "green card" application.[10] Although USCIS approved the Form I-130, establishing Chaudhari as an eligible relative of a U.S. citizen, his Application was denied.[11] In denying the Application, USCIS concluded Chaudhari was statutorily ineligible for an adjustment of status because of his 2012–2013 controlled substances offenses.[12]

---

[5] Dkt. 2-2 at 2 ("On June 28, 2013, you pled guilty, admitting the elements of the charges of Distributing Synthetic Cannabinoids . . . and Distributing Methcathinone"); *see also* Dkt. 16-3, *Order of Deferral (Judicial Diversion)* (showing Chaudhari selected the boxes labeled "Pled Guilty" for each of the three counts and wrote "Best Interest" below the boxes); Dkt. 16-4, *Plea of Guilty and Waiver*.

[6] Dkt. 16-3.

[7] *See* Dkt. 2-3 at 3 ("[T]he Order for the Expungement of Criminal Offender Record . . . was entered on September 9, 2014, less than three months after his probation expired.").

[8] Dkt. 14 ¶¶ 11, 18.

[9] *Id.* ¶¶ 18–20.

[10] *Id.* ¶ 20.

[11] *Id.* ¶¶ 21–22.

[12] *Id.* ¶ 22; Dkt 16-1, *February 4, 2021 USCIS Decision* at 2 (stating Chaudhari was "explicitly arrested by a drug task force in Tennessee for the distribution of substances deemed unlawful or illegal . . . [and was] denied previously by this office for the same reasons").

After USCIS' first denial, Chaudhari re-filed his Form I-485 Application, submitting further documentation related to his 2012–2013 arrest and prosecution.[13]  However, on September 18, 2020, USCIS once again denied the Application, concluding Chaudhari's "best interest" guilty plea and subsequent sentence of unsupervised probation met the definition of a disqualifying conviction under the Immigration and Nationality Act (INA).  Additionally, USCIS found that the Immigration Officer who reviewed Chaudhari's Application had a "sustainable" belief that Chaudhari had trafficked in controlled substances[14]—yet another disqualification under the INA.[15]

On October 19, 2020, Chaudhari filed a Form I-290B, Notice of Appeal or Motion (USCIS Appeal), seeking to appeal USCIS' decision to deny his request for an adjustment of status.[16]  In support of his USCIS Appeal, Chaudhari submitted a legal brief arguing, among other things, that his 2012–2013 arrest and prosecution did not relate to a controlled substance as defined under the Controlled Substances Act.[17]  Additionally, Chaudhari reasserted that his "best interest" guilty plea and participation in the judicial diversion program was not a conviction under the INA, even attaching a letter from the county prosecutor's office explaining "the meaning and consequences of a judicial diversion in Tennessee."[18]  However, on February 4, 2021, USCIS affirmed its denial of Chaudhari's Application, finding (1) the "best interest" guilty

---

[13] Dkt. 14 ¶ 23; Dkt. 2-2.

[14] *See* Dkt. 2-2 at 3.

[15] 8 U.S.C. § 1182(a)(2)(C)(i).

[16] Dkt. 14 ¶ 25.

[17] *Id.*; Dkt. 16-2, *Motion to Reopen and Motion to Reconsider* at 13–24.

[18] Dkt. 14 ¶ 25; Dkt. 2-3 at 2–3.

plea and subsequent sentence qualified as a conviction under the INA, and (2) the Immigration Officer had sufficient reasons to believe that Chaudhari had trafficked in controlled substances[19]—both disqualifying factors under the INA.[20]

Following the denial of his USCIS Appeal, Chaudhari filed the instant action, challenging USCIS' determination that he was ineligible for an adjustment of status as "arbitrary, capricious, unlawful and an abuse of discretion" under the Administrative Procedure Act (APA), 5 U.S.C. § 701.[21] In his Amended Petition, Chaudhari asks the court to set aside USCIS' decision and grant declaratory relief, "including . . . granting [his] adjustment of status application . . . ."[22] He has named two Defendants: Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security (DHS), and Kin Ma, Director of the Salt Lake City Field Office of USCIS, both of whom are sued in their official capacities.[23] Defendants now move to dismiss Chaudhari's Amended Petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim on which relief can be granted under Rule 12(b)(6).[24]

---

[19] Dkt. 16-1.

[20] *Compare* 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted . . . [if] the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence"), *with id.* § 1182(a)(2)(A)(i)(II) (disqualifying noncitizens who have been convicted of certain controlled substances offenses), *and id.* § 1182(a)(2)(C)(i) (disqualifying noncitizens who the "consular officer or the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance").

[21] *See* Dkt. 14 ¶¶ 3–6.

[22] *See id.* at 8.

[23] *Id.* ¶¶ 12–13.

[24] On April 2, 2022, Defendants filed a Motion to Dismiss Chaudhari's Amended Petition for Failure to State a Claim. *See* Dkt. 16. However, the court granted the Defendants leave to amend their motion to add an additional ground for dismissal under Federal Rule of Civil Procedure 12(b)(1) given the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022). *See* Dkt. 27, *Order Granting Motion to Amend*.

For the reasons explained below, the court concludes it lacks subject matter jurisdiction over the action based on a jurisdiction-stripping provision of the INA—8 U.S.C. § 1252(a)(2)(B)(i). Accordingly, the court will not address Defendants' contention that Chaudhari's Amended Petition should be dismissed for failure to state a claim under Rule 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the court.[25] Such motions generally take one of two forms: a facial attack or a factual attack.[26] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint[,]"[27] whereas a factual attack presents additional evidence.[28] Defendants bring a facial attack on the sufficiency of Chaudhari's Amended Petition because they contend that a provision of the INA bars the court from exercising jurisdiction over Chaudhari's action on its face, without resorting to additional evidence.[29] In reviewing Defendants' facial attack, the court must accept the well-pleaded allegations of Chaudhari's Amended Petition as true.[30]

---

[25] *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

[26] *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

[27] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[28] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (citing *Stuart*, 271 F.3d at 1225).

[29] *See* Dkt. 30 at 1–2, 9–12.

[30] *See Smith v. United States*, 561 F.3d 1090, 1097–98 (10th Cir. 2009).

As courts of limited jurisdiction, "[f]ederal courts . . . must have a statutory basis for their jurisdiction."[31] Thus, "there is a presumption against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[32] If the court lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[33]

At the same time, there is a "strong presumption in favor of judicial review of administrative actions,"[34] which the Supreme Court has consistently extended to the context of immigration statutes.[35] The Supreme Court has clarified that it takes "clear and convincing evidence to dislodge that presumption."[36]

## ANALYSIS

USCIS authority to grant or deny Form I-485 Applications such as Chaudhari's Application can be traced to the INA.[37] In particular, 8 U.S.C. § 1255(a) provides that an applicant's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."[38] However, § 1255(a) limits USCIS' discretion to grant permanent resident status to only those

---

[31] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (internal quotation marks and citation omitted).

[32] *See Quigley v. Sporting Kan. City Soccer Club*, 799 F. App'x 644, 645 (10th Cir. 2020) (unpublished) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[33] *Full Life Hospice*, 709 F.3d at 1016 (10th Cir. 2013) (citation omitted).

[34] *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496, 498 (1991).

[35] *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020) ("We have 'consistently applied' the presumption of reviewability to immigration statutes." (quoting *Kucana v. Holder*, 558 U.S. 233, 251 (2010))).

[36] *Kucana*, 558 U.S. at 235 (internal citation and quotation marks omitted).

[37] *See* 8 U.S.C. § 1255(a); *see generally* 8 CFR § 245 (2023) (delegating this authority to DHS).

[38] 8 U.S.C. § 1255(a).

applicants who are "eligible to receive an immigrant visa and . . . [are] admissible to the United States for permanent residence."[39]  As such, USCIS' consideration of a Form I-485 Application requires both a discretionary decision to grant or deny the adjustment of status and a preliminary, nondiscretionary determination of the applicant's eligibility under the INA.  As noted above, Chaudhari primarily challenges the latter: USCIS' determination that his "best interest" guilty plea and subsequent sentence constitute a disqualifying conviction under the INA.[40]

Defendants counter that one of the INA's jurisdictional bars, found in 8 U.S.C. § 1252(a)(2)(B)(i), strips the court of subject matter jurisdiction to review a decision relating to an adjustment of status under § 1255, such as the denial of Chaudhari's Application.[41]  In relevant part, the statute provides:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory) . . . , and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*—
>
> (i) *any judgment regarding the granting of relief under section . . . 1255* of this title.[42]

Despite the broad stroke of § 1252(a)(2)(B), subparagraph (D) clarifies that "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review *filed with an appropriate court of appeals* in

---

[39] *Id.*

[40] *See* Dkt. 14 ¶¶ 32–34 (stating that he "is not inadmissible . . . as the record and submitted evidence demonstrates he did not admit guilt and was placed on judicial diversion"); Dkt. 31, *Chaudhari's Opposition to Defendants' Motion to Dismiss* at 5 ("Here, . . . Plaintiff challenges the nondiscretionary admissibility determination—not the discretionary decision to grant or deny his case.").

[41] Dkt. 30 at 9–12.

[42] 8 U.S.C. § 1252(a)(2)(B) (emphases added).

accordance with this section."[43] In sum, the statute strips courts' jurisdiction to review judgments concerning the granting of relief under § 1255, but narrowly excepts appellate courts' review of certain "constitutional claims or questions of law" raised in the specific context of removal proceedings.[44]

Because Chaudhari applied for an adjustment of status under § 1255, he must contend with the preclusive scope of § 1252(a)(2)(B)(i).[45] To that end, he argues the jurisdiction-stripping statute does not apply because his Amended Petition challenges USCIS' "nondiscretionary admissibility determination—not the discretionary decision to grant or deny his case."[46] These "pure questions of law and questions of law to settled facts," he asserts, "remain[] reviewable" by district courts.[47]

Chaudhari's understanding of the preclusive scope of § 1252(a)(2)(B)(i) suffers from at least two fatal flaws. First, he understates the effect of the Supreme Court's recent decision in *Patel v. Garland*,[48] and urges the court to apply an outdated, and textually dubious, construction of § 1252(a)(2)(B)(i). Second, he challenges USCIS' legal determination "regarding the granting of relief under section . . . 1255"[49] with a district court. On the contrary, the INA has long

---

[43] 8 U.S.C. § 1252(a)(2)(D) (emphases added); *see also Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005) (describing Congress' decision to "expressly grant[] . . . [courts of appeals] jurisdiction to review constitutional claims and legal questions raised in a petition for review" through the Real ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310).

[44] 8 U.S.C. § 1252(a)(2)(D).

[45] *See* § 1252(a)(2)(B)(i) (listing the "granting of relief under section . . . 1255" among the sections generally precluded from judicial review).

[46] Dkt. 31 at 5.

[47] *Id.*

[48] 142 S. Ct. 1614 (2022).

[49] 8 U.S.C. § 1252(a)(2)(B)(i).

provided that such challenges must be raised "upon a petition for review filed with an appropriate court of appeals."[50]  The court first discusses how *Patel* clarified the preclusive scope of § 1252(a)(2)(B)(i) and makes Chaudhari's position unsustainable given the clear direction of the Supreme Court.  Next, the court addresses the appropriate forum for such challenges to USCIS' legal determinations.  Finally, the court explains why Chaudhari's claim under the APA does not circumvent the statutory bar.

I. **The Jurisdictional Bar Applies to Chaudhari's Amended Petition Under *Patel* and the Plain Text of § 1252(a)(2)(B)(i).**

Before *Patel*, there was an emerging split among courts of appeals as to the preclusive scope of § 1252(a)(2)(B)(i).[51]  In some circuits, courts generally followed Chaudhari's position, concluding § 1252(a)(2)(B)(i) does not preclude judicial review of certain nondiscretionary eligibility determinations.[52]  In 2012, the Tenth Circuit remarked that the language of § 1252(a)(2)(B)(i) "does not sweep so broadly as it might seem"[53] and construed the statute "as referring to the discretionary aspects of a decision concerning cancellation of removal."[54]  Thus, the Tenth Circuit concluded that "the jurisdictional bar . . . does not apply to *nondiscretionary*

---

[50] *Id.* § 1252(a)(2)(D) (emphasis added); *Schroeck*, 429 F.3d at 951.

[51] *See Patel*, 142 S. Ct. at 1621 n.1.

[52] *See, e.g.*, *Manigonian v. Biggs*, 710 F.3d 936, 943–46 (9th Cir. 2013) (holding "that district courts maintain jurisdiction to hear [certain] cases under the APA challenging final agency determinations respecting eligibility for the immigration benefits enumerated in § 1252(a)(2)(B)(i) made on nondiscretionary grounds"); *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005); *Ortiz-Cornejo v. Gonzales*, 400 F.3d 610, 612 (8th Cir. 2005).

[53] *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1243 (10th Cir. 2012).

[54] *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009); *see also Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005) (discussing the court's decision to "join . . . sister circuits and hold that we may review non-discretionary decisions").

aspects of that relief,"[55] preserving appellate courts' jurisdiction to review challenges to certain nondiscretionary eligibility determinations.[56]

However, the Supreme Court's recent decision in *Patel* has clarified the broad preclusive scope of § 1252(a)(2)(B)(i).[57] In *Patel*, the Court considered the Eleventh Circuit's conclusion that it lacked jurisdiction to review a challenge to factual determinations made as part of a noncitizen's request for discretionary relief under § 1255.[58] In the underlying case, the plaintiff, Pankajkumar Patel, faced removal proceedings wherein he challenged an immigration judge's earlier determination that he had intentionally misrepresented himself as a U.S. citizen.[59] As with Chaudhari's case, this preliminary eligibility determination disqualified Patel from an adjustment of status under § 1255.[60]

On Patel's direct petition, the Eleventh Circuit found that such "determinations . . . fall within § 1252(a)(2)(B)(i)'s prohibition on judicial review."[61] The Supreme Court agreed, holding § 1252(a)(2)(B)(i) shielded USCIS' threshold factual determinations from judicial

---

[55] *Mena-Flores v. Holder*, 776 F.3d 1152, 1160 (10th Cir. 2015).

[56] *See, e.g., id.* at 1160–68 (finding that § 1252(a)(2)(B)(i) did not preclude judicial review of an immigration judge's finding a noncitizen ineligible for an adjustment status based on a belief the noncitizen engaged in drug trafficking); *Castellon-Guzman v. Holder*, 334 F. App'x 886, 888 (10th Cir. 2009) (holding that the court had "jurisdiction over the legal question whether Castellon's siblings qualify as 'children' for purposes of § 1229b"); *Lucero-Carrera v. Holder*, 349 F. App'x 260, 262 (10th Cir. 2009) (finding that § 1252(a)(2)(B)(i) did not preclude judicial review of "the legal determination that the Colorado crime of forgery constitutes an aggravated felony" under the INA).

[57] 142 S. Ct. at 1621–25.

[58] *Id.* at 1620–21.

[59] *Id.* at 1619–20.

[60] *Id.*

[61] *Id.* at 1621 (citing *Patel v. U.S. Att'y Gen.*, 971 F. 3d 1258, 1272–73 (11th Cir. 2020)).

review.[62] Additionally, the Court clarified that the statute is not limited to discretionary judgments, as the jurisdictional bar expressly applies to "any judgment":[63]

> "any" means that the provision applies to judgments "of whatever kind" under § 1255, not just discretionary judgments or the last-in-time judgment. Similarly, the use of "regarding" in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject. Thus, § 1252(a)(2)(B)(i) encompasses not just "the granting of relief" but also any judgment *relating to* the granting of relief.[64]

Accordingly, the Court held that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)."[65]

In the face of *Patel*, Chaudhari first appeals to public policy concerns, arguing its application should be limited to removal proceedings to preserve legal recourse for noncitizens who are not facing removal.[66] "[I]f this Court were to find *Patel* applied," he asserts, "any legal errors committed by USCIS would be unreviewable for those individuals not in removal proceedings."[67] Indeed, this very concern was raised by Justice Gorsuch in his dissent of *Patel*'s broad application of § 1252(a)(2)(B)(i) beyond removal proceedings.[68] He observed, "[t]he majority's interpretation has the . . . consequence of denying *any* chance to correct agency errors in processing green-card applications outside the removal context."[69] Yet, considering this likely

---

[62] *Id.* at 1626–27.

[63] *Id.* at 1624 (quoting § 1252(a)(2)(B)(i)).

[64] *Id.* (cleaned up).

[65] *Id.* at 1627.

[66] Dkt. 31 at 4.

[67] *Id.*

[68] *See* 142 S. Ct. at 1636 (Gorsuch, J., dissenting).

[69] *Id.* at 1637.

outcome, the Supreme Court cautioned, "policy concerns cannot trump the best interpretation of the statutory text."[70]

Although the Supreme Court declined to expressly hold that the jurisdictional bar applies outside the removal context,[71] Justice Gorsuch's concerns have largely been realized.[72] In the months that followed *Patel*, courts have widely concluded that § 1252(a)(2)(B)(i) "preclude[s] district court review of *any* non-discretionary adjustment-of-status eligibility determinations,"[73] whether or not they are related to removal proceedings.[74] In dicta, the Supreme Court signaled support for such a move, remarking that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural

---

[70] *Id.* at 1627.

[71] *Id.* at 1626 ("The reviewability of such decisions is not before us, and we do not decide it. But it is possible that Congress did, in fact, intend to close that door.").

[72] *Cf. Badra v. Jaddou*, No. 1:22-cv-22465-JEM/Becerra, 2022 U.S. Dist. LEXIS 171649, at *22–23 (S.D. Fla. Sep. 14, 2022) ("[T]he Supreme Court's recent interpretation of a court's jurisdiction over claims pertaining to the adjustment of status leaves no room for doubt that the claim at hand is simply precluded from review. It is a legal reality that Justice Gorsuch well-articulated as 'hardly the world Congress ordained,' and yet, it is the world in which we find ourselves." (quoting *Patel*, 142 S. Ct. at 1637 (Gorsuch, J., dissenting))).

[73] *Morina v. Mayorkas*, No. 22-cv-02994 (LJL), 2023 U.S. Dist. LEXIS 374, at *26 (S.D.N.Y. Jan. 3, 2023) (citing *Rabinovych v. Mayorkas*, No. 21-CV-11785-AK, 2022 U.S. Dist. LEXIS 156966, at *15–16 (D. Mass. Aug. 31, 2022) (collecting cases)).

[74] *See, e.g., id.*, at *27; *Rabinovych*, 2022 U.S. Dist. LEXIS 156966, at *16–18; *Badra*, 2022 U.S. Dist. LEXIS 171649, at *22; *Doe v. Mayorkas*, No. 22-cv-00752 (ECT/DTS), 2022 U.S. Dist. LEXIS 172227, at *8 (D. Minn. Sep. 23, 2022) ("Although the denial was a decision made by USCIS outside a removal proceeding, it is firmly within the plain language of the statute."); *but see Hernandez v. U.S. Citizenship & Immigr. Servs.*, No. C22-904 MJP, 2022 U.S. Dist. LEXIS 216323, at *15 (W.D. Wash. Nov. 30, 2022) ("[T]he Court finds that Subparagraph (B) applies only where there is a challenge to a removal order and not to Rubio Hernandez's challenge to the denial of his request for adjustment of status unrelated to removal proceedings.").

protections in the context of discretionary relief."[75]  Indeed, even before *Patel*, some courts construed § 1252(a)(2)(B)(i) as applying to challenges brought beyond the removal context.[76]

In considering both the plain text of the statute and the clear guidance of *Patel*, this court reaches the same conclusion.  It would be hard to reconcile any other outcome with § 1252(a)(2)(B)'s language establishing that the statutory bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings."[77]  Moreover, applying the *Patel* Court's broad interpretation of § 1252(a)(2)(B)(i), USCIS' decision to deny Chaudhari's Application is clearly a decision "regarding the granting of relief."[78]  Thus, the language of § 1252(a)(2)(B)(i) compels the court to conclude *Patel*'s holding applies whether or not removal proceedings have commenced.

## II. District Courts Do Not Have Jurisdiction to Review "Pure Questions of Law" Otherwise Barred by § 1252(a)(2)(B)(i).

Chaudhari attempts to sidestep *Patel*'s broad application of § 1252(a)(2)(B)(i) by arguing he challenges a legal determination made by USCIS, while *Patel* concerned a noncitizen's

---

[75] *Patel*, 142 S. Ct. at 1626–27.

[76] *See, e.g.*, *Rabinovych*, 2022 U.S. Dist. LEXIS 156966, at *15–16 (collecting cases); *Badra*, 2022 U.S. Dist. LEXIS 171649, at *18–19 (collecting cases); *Doe*, 2022 U.S. Dist. LEXIS 172227, at *8–9 (collecting cases from the Eight Circuit).

[77] 8 U.S.C. § 1252(a)(2)(B); *see also Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 n.13 (11th Cir. 2009) ("The language . . . was added with the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, presumably to resolve a disagreement between some of our sister circuits and district courts as to whether § 1252(a)(2)(B) applied outside the context of removal proceedings, given that the majority of the provisions within § 1252 seemingly concern removal orders."); *Morina*, 2023 U.S. Dist. LEXIS 374, at *27 ("If either of these provisions was intended to apply only in removal proceedings, there would have been no need for Congress to state that it applied regardless of whether the judgment was reached in a removal proceeding.").

[78] 8 U.S.C. § 1252(a)(2)(B)(i); *see also Walsh v. Mayorkas*, No. 20-cv-00509, 2022 U.S. Dist. LEXIS 216627, at *7 (N.D. Ill. Dec. 1, 2022) ("Section 1252(a)(2)(B)(i), as clarified in *Patel*, bars this Court from reviewing the denial by USCIS of Plaintiff's request for an adjustment of status.").

challenge to a factual determination.[79] However, even assuming Chaudhari's Amended Petition presents only "pure questions of law and questions of law to settled facts,"[80] his appeal to the jurisdiction of this court—a district court—is misplaced. As the language of § 1252(a)(2) makes clear, the carveout for "constitutional claims and questions of law" requires filing a petition for review "with an appropriate court of appeals."[81] Although *Patel* reasserted the role of appellate courts under subparagraph (D),[82] many courts have long recognized that district courts are not the appropriate forum for challenges to USCIS' legal determinations related to the granting of discretionary relief.[83] It is unsurprising, then, that this court's review of relevant case law reveals dozens of Tenth Circuit decisions considering similar challenges to USCIS' legal determinations,[84] but relatively few at the district court level.[85]

---

[79] Dkt. 31 at 3, 5 ("[T]he Supreme Court in *Patel v. Garland* held that *only* pure findings of fact are precluded from review under § 1252(a)(2)(B)(i), (D). . . . Here, Plaintiff's complaint presents pure questions of law . . . .").

[80] *Id.* at 5.

[81] 8 U.S.C. § 1252(a)(2)(D) (emphasis added).

[82] *Cf. Patel*, 142 S. Ct. at 1636 (Gorsuch, J., dissenting) ("So under the majority's construction of subparagraph (B)(i), individuals who could once secure judicial review to correct administrative errors at step one in district court are now, after its decision, likely left with no avenue for judicial relief of any kind."); *Morina*, 2023 U.S. Dist. LEXIS 374, at *26 ("[A]lthough Patel was decided in the context of a removal proceeding, courts have construed the Supreme Court's broad language to preclude *district court* review of any non-discretionary adjustment-of-status eligibility determinations including those made by USCIS outside of the removal context.").

[83] *See, e.g.*, *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 620 (4th Cir. 2010) ("§ 1252(a)(2)(D) does not give Lee a jurisdictional bootstrap into district court. The express language of the statute requires Lee to raise any constitutional or legal questions 'upon a petition for review filed with an appropriate court of appeals.'" (quoting 8 U.S.C. § 1252(a)(2)(D))); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) ("§ 1252(a)(2)(D) . . . does not grant jurisdiction to review questions of law in district court cases."); *Verastegui v. Wolf*, 468 F. Supp. 3d 94, 98–99 (D.D.C. 2020) ("Section 1252(a)(2)(B)(i) precludes district courts from reviewing such 'judgment[s] regarding the granting of relief under section . . . 1255.'" (quoting *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008))); *but see Capener v. Napolitano*, 981 F. Supp. 2d 1119, 1125 (D. Utah 2013) (concluding that "§ 1252(a)(2)(B)(i) [does not] limit this federal district court's right to review Plaintiff's non-discretionary adjustment denial.").

[84] *See, e.g.*, *Mena-Flores*, 776 F.3d at 1160–68; *Castellon-Guzman*, 334 F. App'x at 888; *Lucero-Carrera*, 349 F. App'x at 262.

[85] *See, e.g.*, *Capener*, 981 F. Supp. 2d at 1125; *Marrakchi v. Napolitano*, No. 09-cv-02252-REB-KMT, 2010 U.S. Dist. LEXIS 98957, at *7–8 (D. Colo. Sep. 21, 2010), *aff'd*, 494 F. App'x 877 (10th Cir. 2012) (finding the district court lacked jurisdiction to consider a challenge to a USCIS decision that was at least partly discretionary).

14

The court has found only one case within the past decade where § 1252(a)(2)(B)(i) was found not to preclude district court review of challenges to USCIS' threshold legal determinations in the District of Utah.[86] In that case, *Capener v. Napolitano*, a magistrate judge considered a challenge to USCIS' determination that a noncitizen petitioner, filing a request for an adjustment of status under § 1255(a), was disqualified because she had "falsely represented . . . herself to be a citizen of the United States . . . ."[87] In a manner similar to Chaudhari's predicament, the petitioner in *Capener* had pled in abeyance to a violation of state law, Utah Code Ann. § 76-8-511, but the charges were later dismissed by the state court.[88] Nevertheless, USCIS determined the petitioner's conduct triggered a disqualification under the INA and denied her application.[89] In considering whether the court could review the petitioner's challenge to USCIS' determination outside of a clear removal context, the magistrate judge remarked that "Defendants denied Plaintiff's adjustment application for statutory eligibility reasons, rather than discretionary reasons."[90] "Therefore," the magistrate judge concluded, "8 U.S.C. § 1252(a)(2)(B)(i) [does not] limit this federal district court's right to review Plaintiff's non-discretionary adjustment denial."[91]

As discussed above, much has changed since this conclusion was reached nearly ten years ago. The Supreme Court has undermined—even vitiated—the once prevailing distinction

---

[86] *See Capener*, 981 F. Supp. 2d at 1122 (adopting the Report and Recommendations of Magistrate Judge Pead).

[87] *See id.*, 981 F. Supp. 2d at 1122–24 (internal quotation marks omitted).

[88] *Id.*

[89] *Id.*

[90] *Id.* at 1125.

[91] *Id.*

between discretionary and nondiscretionary determinations for the purpose of § 1252(a)(2)(B)(i)'s preclusive effect.[92] "Here," the Supreme Court advised, "'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment."[93] And "[h]ad Congress intended instead to limit the jurisdictional bar to 'discretionary judgments,' it could easily have used that language—as it did elsewhere in the immigration code."[94] These conclusions, drawn from the clear language of the INA, cannot be squared with the court's former understanding that § 1252(a)(2)(B)(i) "does not sweep so broadly as it might seem."[95] On the contrary, *Patel* instructs that § 1252(a)(2)(B)(i) sweeps exactly as the plain text provides.[96]

By filing this suit, Chaudhari sought to challenge USCIS' determination that he was ineligible for a discretionary status adjustment under § 1255.[97] For the reasons discussed above, the court concludes this preliminary "judgment . . . regarding the granting of relief under section . . . 1255" falls under the jurisdictional bar of § 1252 (a)(2)(B)(i). To the extent Chaudhari's Amended Petition presents a question of law regarding USCIS' construction of the INA—particularly the definition of a conviction—he must look to the narrow recourse afforded by § 1252(a)(2)(D). As discussed, subparagraph (D) permits judicial review of certain legal issues that are (1) directly filed with the "appropriate court of appeals" and (2) "upon a petition for

---

[92] *See Patel*, 142 S. Ct. at 1621–25.

[93] *Id.* at 1622 (quoting *United States v. Gonzales*, 117 S. Ct. 1032 (1997)).

[94] *Id.* at 1617.

[95] *Barrera-Quintero*, 699 F.3d at 1243.

[96] *Cf.* 142 S. Ct. at 1625 ("A 'judgment' does not necessarily involve discretion, nor does context indicate that only discretionary judgments are covered by §1252(a)(2)(B)(i).").

[97] Dkt. 14 ¶¶ 1–2.

review" of a final order of removal. This court is thus jurisdictionally barred from considering Chaudhari's challenge to USCIS' preliminary eligibility determination and must dismiss the Amended Petition for lack of subject matter jurisdiction.[98] Because the court finds that it lacks subject matter jurisdiction, it declines to reach Defendants' remaining claims brought under Rule 12(b)(6).

### III.     The APA Does Not Provide Chaudhari an Independent Basis for Jurisdiction.

The fact that Chaudhari's Amended Petition brings a claim under the APA does not change the court's conclusion. In relevant part, the APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[99] But the APA does not apply where a "statute[] preclude[s] judicial review,"[100] such as § 1252(a)(2)(B)(i).[101] Thus, the APA does not provide the jurisdictional lifeline that Chaudhari seeks.

---

[98] *See Badra*, 2022 U.S. Dist. LEXIS 1716949, at *16 ("Although Patel was in removal proceedings, the Supreme Court interpretated the statute at issue here and its interpretation of the statute is controlling and clear: the only challenge to any decision pertaining to an adjustment of status is a legal challenge made to a Circuit Court upon an order of removal. The Court's interpretation left no room for any other review by any court.").

[99] 5 U.S.C. § 702.

[100] 5 U.S.C. § 701(a)(1).

[101] *See Morina*, 2023 U.S. Dist. LEXIS 374, at *32 ("Plaintiff cannot use the APA as a runaround to this statutory bar.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED this 8th day of February, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge
